UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER WILLIAMS, JR.,<br><br>                              Plaintiff,<br><br>            -against-<br><br>CITY OF NEW YORK, et al.,<br><br>                              Defendants. | 21-CV-1083 (JPC)<br><br>ORDER OF SERVICE |

JOHN P. CRONAN, United States District Judge:

Plaintiff, currently detained at the George R. Vierno Center ("GRVC") on Rikers Island,

brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his

constitutional rights. By order dated February 25, 2021, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

## DISCUSSION

### A.      Order of Service

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that summonses and complaint be served within 90 days of

the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses

and the complaint until the Court reviewed the complaint and ordered that summonses be issued.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants New York City Health + Hospitals ("H+H") and Physician Affiliate Group of New York ("PAGNY") Physician Assistant, Larry Blackmore through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.    Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the following Defendants waive service of summons:

- City of New York
- Chief of the Department of Correction ("DOC") Hazel Jennings, DOC General Counsel Heidi Grossman, and DOC Division Chief Becky Scott;

2

- GRVC Wardens Sherma Dunbar, Jean Rene, Tiffany Morales, Joanne Matos, and Assistant Deputy Wardens LaCroix (Shield #1361), Carter, and Loius;

- Security Chief Kenneth Stokes, Deputy Warden of Security Jonnel Shivraj, Security Captains Benard Mathis, and Ballah (Shield #1219);

- Captains Vallejo (Shield #924), Smith (Shield #1222), Williams (Shield #1266), Peters (Shield #423), Blake (Shield #89), Islam (Shield #1743), Carter (Shield #1092), Le Fleur (Shield #377), Palmer-Campbell (Shield #257), Moodie (Shield #593), Law (Shield #85), and Mevervich (Shield #1826);

- ESU Captains Ferber (Shield #1224) and Simms (Shield #5131); and

- Correction Officers Taylor (Shield #8644), Ritter (Shield #7994), Hickson (Shield #5395), Loiseau (Shield #1898), Adamchex (Shield #12359), K. Young (Shield #12268), White (Shield #8507), McNeil (Shield #12557), Dyches (Shield #14003), Reid (Shield #8637), Edmonds (Shield #10909), Sherma (Shield #13535), Omiblu (Shield #17242), Quinnones (Shield #2315), Emebu (Shield #19297), Lawrence (Shield #10351), Drumwright (Shield #8667), Day (Shield #5761), Coulthurst, Graves, Sherman, Miller (Shield #8636), Ramirez (Shield #15685), Rodriguez (Shield #9665), Figurioa, Pirce (Shield #15102), Nezma (Shield #6774), and Sholink (Shield #13295).

**C.    *Valentin* order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify a John Doe ESU officer (Defendant #41). It is therefore ordered that the Law Department, which is the attorney for and agent of the DOC, H+H, or PAGNY must ascertain the identity and badge number of this John Doe whom Plaintiff

3

seeks to sue here and the address where the defendant may be served.[2] Plaintiff also supplies

sufficient information to permit H+H and PAGNY to identify (1) Mrs. V., a Jane Doe mental

health clinician (Defendant #49); and (2) Dr. K., a John Doe mental health doctor (Defendant

#50). It is therefore ordered that H+H or PAGNY must ascertain the identities of these

defendants and the addresses where they may be served.

The Law Department, H+H, or PAGNY must provide this information to Plaintiff and the

Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint

naming the John Doe defendants. The amended complaint will replace, not supplement, the

original complaint. An amended complaint form that Plaintiff should complete is attached to this

order. Once Plaintiff has filed an amended complaint, the Court will screen the amended

complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285

forms with the addresses for the named John Doe Defendants and deliver all documents

necessary to effect service to the U.S. Marshals Service, or asking defendants to waive service of

summons.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an

information package.

---

[2] If the Doe defendant is a current or former DOC employee or official, the Law
Department should note in the response to this order that an electronic request for a waiver of
service can be made under the e-service agreement for cases involving DOC defendants, rather
than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC
employee or official, but otherwise works or worked at a DOC facility, the Law Department must
provide a residential address where the individual may be served.

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for H+H and Blackmore, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants listed in section B of this order waive service of summons.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007; New York City Health + Hospitals, 125 Worth Street, New York, NY 10013; and Physician Affiliate Group of New York, P.C., Correctional Health Services, 55 West 125th Street Suite 1001, New York, NY 10027. SO ORDERED.

Dated:   March 2, 2021
         New York, New York

_____
JOHN P. CRONAN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.    New York City Health + Hospitals
      125 Worth Street
      New York, NY 10013

2.    Larry Blackmore, PA
      c/o Gwendolyn Renee Tarver
      PAGNY- Correctional Health Services
      49-04 19th Avenue
      1st Floor
      Astoria, New York 11105

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.     DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name             Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City           State           Zip Code

Defendant 2:

First Name             Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 3:

First Name             Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

Defendant 4:

First Name             Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City            State            Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____