USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER WILLIAMS, JR.,

        Plaintiff,

-against-

CTY OF NEW YORK et al.,

        Defendants.

1:21-CV-1083 (JPC) (KHP)

**ORDER OF SERVICE**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

On March 2, 2021 this case was referred to the undersigned for General Pretrial Management.  (ECF No. 7.)  That same day, the Honorable John P. Cronan issued an Order of Service, which also included a request that various defendants waive service and a *Valentin* Order.  (ECF No. 6.)

On March 22, 2021 the New York City Law Department filed a Notice of Appearance in this case on behalf of the City of New York.  (ECF No. 13.)  Also on March 22, 2021 the Plaintiff filed an Amended Complaint.  (ECF No. 15.)  First, the Court would like to confirm, per the *pro se* Plaintiff's request, that the Court has received the Amended Complaint as well as Plaintiff's Order to Show Cause for Preliminary Injunction and Temporary Restraining Order.  (ECF No. 14.)

**Order of Service**[1]

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service

---

[1] This second Order of Service is necessary because the Court has obtained more information about additional Defendants since issuing the initial Order of Service.

to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.  If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

**To allow Plaintiff to effect service on Defendants Roman Trojanowski, MHC and Brian Burns, NP through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.  Their addresses are appended to this Order.**

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**Plaintiff Must Provide Additional Identifying Information for Certain Named Defendants**

In response to Judge Cronan's Order of Service, the Department of Corrections filed various documents waiving service of summons and the Complaint on behalf of the vast majority of the Defendants named in the Complaint.[2] (*See* ECF Nos. 16-22, 24.) However, the Department of Corrections declined to waive service of summons and the Complaint for seven named Defendants because they could not be identified. (ECF No. 23.)

Within 30 days of the date of this Order, Plaintiff is directed to provide the Court and the New York City Law Department with more detailed, descriptive information to assist the Law Department in properly identifying the following named Defendants:

- ADW Carter
- Capt. Williams
- Capt. Blake
- Capt. Palmer-Campbell
- CO Coulthurst
- CO Graves
- CO Figurioa

Within 30 days after Plaintiff provides this information, the Law Department shall identify the Defendants whom Plaintiff seeks to sue here, and who have not already waived service, and the addresses where these Defendants may be served.[3] The Court further requests that these

---

[2] The Court has reviewed both the Complaint and the Amended Complaint and confirms that the named Defendants are identical in both pleadings.

[3] If the person is a current or former DOC employee or official, the Law Department should note in the response to this order that service should be made electronically under the e-service agreement for cases involving DOC

Defendants waive service, if they are identified.  In the alternative, if the additional information provided by the Plaintiff is insufficient to successfully identify some or all of the Defendants listed above, the Law Department should so advise the Court within 30 days of receiving the additional information.

*Valentin* **Order**

Separate and apart from these currently unidentifiable Department of Corrections Defendants, Plaintiff also seeks to sue certain medical care professionals who are named in the Amended Complaint but who were not included in the initial Order of Service because the Court lacked sufficient information to effectuate service.  Plaintiff is advised that the Physicians Affiliate Group of New York, P.C. ("PAGNY") and New York City Health + Hospitals ("H+H) have been unable to identify Shawn Fishler and Dr. Gemo, both of whom are named in the Amended Complaint.

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit PAGNY and H+H to identify Shawn Fishler and Dr. Gemo.  It is therefore ordered that H+H or PAGNY must ascertain the identities of these individuals who Plaintiff seeks to sue and provide the addresses where they may be served.  The Law Department, H+H, or PAGNY must provide this information to Plaintiff and the Court within 60 days of this order.

---

defendants.  If the person is or was employed at a DOC facility, but is not a current or former employee of DOC, a home address where the individual may be served must be provided.

4

**Law Department Representation**

Finally, the Court hereby directs counsel for the City of New York to submit a brief letter to the Court by **April 28, 2021** advising the Court as to whether the Law Department intends to represent the Defendants who have waived service in this case.  The letter should also advise the Court as to whether the Law Department intends to represent any additional DOC Defendants that are identified pursuant to any supplemental information the Plaintiff is able to provide, as discussed above.[4]

**Conclusion**

**The Clerk of Court is requested to mail a copy of this order to Plaintiff.  The Clerk of Court is also directed to mail a copy of this order, and the Amended Complaint (ECF No. 15,) to the New York City Law Department at 100 Church Street New York, NY 10007.  Finally, the Court asks that the Clerk of Court mail a copy of this Order to: (1) New York City Health + Hospitals at 125 Worth Street New York, NY 10013 and (2) Physician Affiliate Group of New York, P.C., Correctional Health Services at 55 West 125th Street, Suite 1001 New York, NY 10027.**

Dated: April 15, 2021
        New York, New York

                                        **SO ORDERED**.

                                        _____
                                        **KATHARINE H. PARKER**
                                        **United States Magistrate Judge**

---

[4] The Court presumes, for purposes of this Order, that Defendant City of New York received a copy of the Amended Complaint given that the Amended Complaint was filed after the Law Department filed its Notice of Appearance

**DEFENDANTS AND SERVICE ADDRESSES**

1. Roman Trojanowski, MHC
   c/o Gwendolyn Renee Tarver
   PAGNY-Correctional Health Services
   49-04 19th Avenue
   1st Floor
   Astoria, New York 11105

2. Brian Burns, NP
   c/o Marella Lowe
   CHS Queens Warehouse
   49-04 19th Ave
   Astoria, NY 11105