UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALEXANDER WILLIAMS, JR.,

                    Plaintiff,

  -against-                                                 **OPINION**
CITY OF NEW YORK, et al.,                                21-CV-1083 (PGG) (KHP)

                    Defendants.
-------------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Pro se Plaintiff Alexander Williams, Jr. brings this action under 42 U.S.C. §§ 1983, 1985, alleging that Defendants violated Plaintiff's constitutional rights while he was housed at the George R. Vierno Center ("G.R.V.C.") at Rikers Island as a pre-trial detainee. Presently before the Court is Plaintiff's request that the Court grant default judgments as to certain named Defendants for failure to respond to the Complaint and failing to secure counsel. (ECF No. 79.) For the reasons set forth below Plaintiff's request is DENIED.

      In his letter to the Court dated November 25, 2021, Plaintiff requested that default judgment be issued against Correction Officers ("CO") Edmunds, Sharma, Omiblu, Emebu, Graves, Coulthurst, ADW Carter, Captain Carter, and Dr. Blackmore. (ECF No. 79.) Plaintiff asserts that these defendants were not included in Defendants' motion to dismiss (ECF No. 74) and as such have failed to respond to the complaint and default is warranted. In support of his position, Plaintiff notes that the court sent him a copy of the docket sheet in this action whereby these defendants were not listed in the docket text and do not appear to be represented by counsel.

1

In response, counsel for Defendants submitted a letter dated December 5, 2021. (ECF No. 73.) The letter notes that CO Edmunds and ADW Carter are no longer parties in this action. Defendants' counsel also states that they may have inadvertently failed to select all the remaining defendants when docketing their motion to dismiss but that all remaining defendants were included in the text of the notice of motion.

## DISCUSSION

The Court may enter default judgment if a party fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(b)(2). To determine whether default judgment is appropriate, the Court may consider: (a) if the defaulting conduct was willful; (b) if the defaulting party has a meritorious defense to the plaintiff's claims; and (c) the degree of prejudice suffered by the plaintiff if the Court denied its motion. Further, a "default is not willful when it was caused by a mistake made in good faith." *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010) (internal quotation and citation omitted); *see also Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957) ("[G]eneral principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default."). Lastly, in this Circuit, there is a strong preference that disputes be resolved on the merits, s*ee Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and since default judgment is an extreme remedy, it should only be entered as a last resort. *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981).

Here, default judgment is not appropriate as to any of the Defendants listed by Plaintiff. To start, Defendants are correct that ADW Carter was terminated as a party in this action in April 2021. Accordingly, Plaintiff's motion as to ADW Carter fails as a matter of law. As to CO Edmunds, Defendants are incorrect that he was dismissed by the Court *sua sponte*. The

undersigned issued a report and recommendation to the Honorable Paul G. Gardephe recommending that CO Edmunds be dismissed. (ECF No. 60.) However, since Judge Gardephe has yet to make a ruling on the report and recommendation, CO Edmunds is still a party to this action and should be listed as such. As to the other Defendants against whom Plaintiff seeks default, default is not warranted because they were all listed in the notice of motion as being represented by Defense counsel and having moved for dismissal of this action.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for default judgment IS DENIED. **<u>The Clerk of Court is respectfully directed to mail a copy of this Opinion to Plaintiff</u>**.

Date:   February 23, 2022
        New York, New York                                    **SO ORDERED.**

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge