UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER WILLIAMS, JR.,

                Plaintiff,

- against -

THE CITY OF NEW YORK, et al.,

                Defendants.

**ORDER**

21 Civ. 1083 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

        Pro se Plaintiff Alexander Williams, Jr. brings this action – pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 – against sixty-six New York City agencies and their employees – alleging violations of his constitutional rights while in pretrial detention at the George R. Vierno Center at Rikers Island ("GRVC"). (See Second Am. Cmplt. (Dkt. No. 36)) The Second Amended Complaint ("SAC") alleges that – while Plaintiff was held at the GRVC – he was subjected to inhumane living conditions resulting from GRVC's implementation of Command Level Order ("CLO") 370.20.[1] According to Plaintiff, CLO 370.20 violates certain minimum standards set by the New York City Board of Correction. (See, e.g., id. ¶¶ 41, 49-52)

        Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, Defendant City of New York (the "City") has asked this Court to review the SAC for alleged deficiencies.[2] (Apr. 30, 2021

---

[1] On November 2, 2020, the warden of GRVC issued Command Level Order 370.20 "to establish policy and procedures for the Care, Custody and Control of the inmates under Court Ordered lockdown status." (SAC, Ex. 3 (Dkt. No. 36-5) at 10) During lockdown, CLO 370.20 limits inmate access to telephone calls, visits, showers, the commissary, and recreational activity. (Id. at 10-15)

[2] Section 1915A directs courts to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and to "dismiss . . . [any] portion of the complaint . . . [that] . . . fails to state a claim." 28 U.S.C. § 1915A.

Def. Ltr. (Dkt. No. 40)) The City contends that the SAC does not "allege any facts showing how numerous defendants in this matter violated [Plaintiff's] constitutional rights." (Id. at 2)

On March 2, 2021, this Court referred this case to Magistrate Judge Katharine Parker for general pretrial supervision. (Dkt. No. 7) On May 10, 2021, Judge Parker stayed discovery pending the City's request for a Section 1915A review of the SAC. (Dkt. No. 10) On July 29, 2021, Judge Parker issued a thorough Report and Recommendation ("R&R") recommending that this Court dismiss Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986, and terminate sixteen Defendants from the action. (See R&R (Dkt. No. 60))

A copy of the R&R was sent to Plaintiff on July 29, 2021. (See id. at 8) 28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations. . . ."[3] 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). Here, neither side filed objections to Magistrate Judge Parker's R&R.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the

---

[3] Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the R&R sets a deadline for objections, and states the consequences of a failure to timely object: "Plaintiff shall have seventeen days, and Defendants shall have fourteen days, from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. . . . The failure to file timely objections shall result in a waiver of those objections for purposes of appeal." (R&R (Dkt No. 60) at 9 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), and 72(b); Thomas v. Arn, 474 U.S. 140 (1985)))

2

district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Parker's R&R. (See R&R (Dkt. No. 60) at 9) A "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because Plaintiff filed no objections to Magistrate Judge Parker's R&R, he has waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court will go on to consider whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

The City's request to review the SAC is brought under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (Apr. 30, 2021 Def. Ltr. (Dkt. No. 40)) As noted above, under 28

U.S.C. § 1915A(a), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Here, Judge Parker finds that the SAC does not contain any factual allegations concerning the following Defendants: (1) the New York City Health & Hospitals Corporation; (2) Doctor K; (3) ESU Captain Ferber; (4) CO Simms; and (5) Unknown ESU Officer. (R&R (Dkt. No. 60) at 5) This Court agrees with Judge Parker that, given the absence of such allegations, Plaintiff's claims against those Defendants must be dismissed. See Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678.

Judge Parker further concludes that the SAC's allegations are insufficient to establish a "conspiracy" cause of action under 42 U.S.C. § 1985. (R&R (Dkt. No. 60) at 6-7)

4

The SAC alleges that certain Defendants "conspire[d] to deprive . . . [Plaintiff] of protected constitutional rights" by implementing CLO 370.20, in violation of 42 U.S.C. § 1985. (SAC (Dkt. No. 36-2) at 11) In order to state a claim under 42 U.S.C. § 1985, however, Plaintiff must plead facts demonstrating, inter alia, that he is a member of a protected class and that Defendants' conduct was motivated by class-based animus. Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999) ("[T]he [§ 1985] conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" (quoting Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993)).

Here, as Judge Parker notes, the SAC does not allege that Defendants' actions were motivated by Plaintiff's race or any other protected characteristic. (R&R (Dkt. No. 60) at 6) Moreover, inmates such as Plaintiff do not constitute a protected class for purposes of Section 1985. See Lopes v. Westchester Cty., No. 18-CV-8205 (KMK), 2020 WL 7029002, at *9 (S.D.N.Y. Nov. 30, 2020) ("'[I]nmates are not, by virtue of being inmates, members of a protected class.'" (quoting Randolph v. DOCCS, No. 17-CV-700 (NSR), 2018 WL 4374006, at *5 (S.D.N.Y. Sept. 13, 2018)). In sum, because the SAC does not plead facts demonstrating that Plaintiff is a member of a protected class, Plaintiff's Section 1985 claim must be dismissed.

As for Plaintiff's claim under 42 U.S.C. § 1986,[4] the Second Circuit has ruled that "[a] claim under section 1986 . . . lies only if there is a viable conspiracy claim under section 1985." Gagliardi v. Vill. of Pawling, 18 F.3d 188, 194 (2d Cir. 1994). Given that the SAC does

---

[4] In the SAC, Plaintiff contends that certain Defendants violated 42 U.S.C. § 1986 by failing to prevent the deprivation of his constitutional rights resulting from implementation of CLO 370.20, despite "having knowledge . . . of the wrongdoings." (SAC (Dkt. No. 36-2) at 10-11)

5

not state a claim under Section 1985, this Court agrees with Judge Parker's recommendation that Plaintiff's claim under 42 U.S.C. § 1986 must likewise be dismissed. (R&R (Dkt. No. 60) at 7)

In sum, this Court finds no clear error in Judge Parker's recommendation that Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 be dismissed.

Judge Parker further concludes that because – as to eleven of the named Defendants[5] – the SAC alleges only violations of Sections 1985 and 1986, these eleven Defendants should be terminated from this action. (Id.) Although Judge Parker acknowledges that "Plaintiff generally asserts Section 1983 claims against all of the named Defendants," she finds that the SAC's allegations as to these eleven Defendants do not "conceivably substantiate" a claim under 42 U.S.C. § 1983. (Id. at 3 n.1)

In order to state a claim under 42 U.S.C. § 1983, "a plaintiff must allege that '(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Matthews v. City of New York, 889 F. Supp. 2d 418, 429 (E.D.N.Y. 2012) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

Here, as Judge Parker finds, the SAC does not plead "enough facts to state a [Section 1983] claim [against these eleven Defendants] that is plausible on its face." Twombly, 550 U.S. at 570; see R&R (Dkt. No. 60) at 3 n.1. The SAC does not set forth facts demonstrating how the conduct of these eleven Defendants "deprived . . . [P]laintiff of a right

---

[5] These eleven Defendants are: Doctor Bryan Burns; Doctor Saidu Jimoh; Mrs. V; Shawn Fishler; Mr. Roman; Assistant Deputy Warden Lacroix; Captain Ballah; CO Adamchez; CO Edmunds; CO Figurioa; and CO Pierce. (R&R (Dkt. No. 60) at 7)

6

guaranteed under the Constitution."[6] Snider, 188 F.3d at 53. Given the absence of such allegations, Plaintiff's claim under 42 U.S.C. § 1983 against those Defendants must be dismissed. See Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678.

## CONCLUSION

For the reasons stated above, Judge Parker's R&R is adopted in its entirety (Dkt. No. 60), and Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 are dismissed. Plaintiff's Section 1983 claim is likewise dismissed as to Defendants Doctor Bryan Burns, Doctor Saidu Jimoh, Mrs. V, Shawn Fishler, Mr. Roman, Assistant Deputy Warden Lacroix, Captain Ballah, CO Adamchez, CO Edmunds, CO Figurioa, and CO Pierce.

The Clerk of Court is directed to terminate the following Defendants from this action:

- New York City Health & Hospitals Corporation;
- Doctor Bryan Burns;
- Doctor K (also referred to as "Mental Health Dr. Calicdal MD");
- Doctor Saidu Jimoh (also referred to as "Saidul Jimoh" and "Shidul Jimoh");
- Mrs. V;
- Shawn Fishler;
- Mr. Roman;
- ADW Lacroix;
- ESU Captain Ferber;

---

[6] While the SAC refers to these Defendants, it does not allege sufficient facts about their conduct to state a claim under 42 U.S.C. § 1983. (R&R (Dkt. No. 60) at 3 n.1; see SAC (Dkt. Nos. 36, 36-1, 36-2) ¶ 160 (Lacroix); ¶¶ 63, 68, 75 (Ballah); ¶¶ 54-55, 120 (Adamchez); ¶ 27 (Edmunds); ¶ 118 (Jimoh); ¶¶ 112-13 (Mrs. V); ¶ 129 (Fishler); ¶ 185 (Mr. Roman); ¶¶ 84, 235 (Figurioa); ¶¶ 69, 90 (Pierce); see also id. (Dkt. No. 36-2) at 22 (Burns); id. (Dkt. No. 36-3) at 1 (Ballah), 4 (Lacroix))

- Captain Ballah;

- ESU Officer Simms (also referred to as "CO Simms");

- CO Adamchez (also referred to as "Adamchex");

- CO Edmunds;

- CO Figurioa (also referred to as "CO Figoriua" and "CO Figuroia");

- CO Pierce (also referred to as "CO Pirce"); and

- Unknown ESU Officer.

The Clerk of Court is directed to send a copy of this Order via certified mail to pro se Plaintiff Alexander Williams, Jr., NYSID No. 01897858L, B&C No. 1411801632, George R. Vierno Center, 09-09 Hazen Street, East Elmhurst, NY 11370.

Dated: New York, New York
June 1, 2022

SO ORDERED.

Paul G. Gardephe
United States District Judge

8