

| HON. SYLVIA O. HINDS-RADIX<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | ANDREW B. SPEARS<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-3159<br>Fax: (212) 356-1148<br>aspears@law.nyc.gov |
|---|---|---|

August 19, 2022

**VIA ECF**
Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: Williams v. City of New York, et al.
       21 Civ. 1083 (PGG) (KHP)

Your Honor:

  I am the Assistant Corporation Counsel assigned to represent defendants in the above-referenced matter. Defendants write pursuant to Rule 72 of the Federal Rules of Civil Procedure, to provide their objections to Magistrate Judge Parker's Report and Recommendation, dated August 5, 2022 (the "Report") (ECF No. 101), insofar as it recommended denial of defendants' motion to dismiss pursuant to Rule 8 of the Federal Rules of Civil Procedure.

  **A. Procedural Background**

  By way of background, on November 8, 2021, defendants filed their fully dispositive motion to dismiss plaintiff's Second Amended Complaint ("SAC"). (See ECF Nos. 73–74). Defendants' motion was fully briefed on January 31, 2022. (See ECF No. 87). On August 5, 2022, Magistrate Judge Katherine H. Parker issued the Report, which recommended that defendants' motion to dismiss be granted in part and denied in part. (ECF No. 101). More specifically, the Report concluded that all of plaintiff's claims should be dismissed, except: (1) plaintiff's First Amendment claim against defendants Carter, Vallejo, Dunbar, Blake, Hickson and Sherman; (2) plaintiff's RLUIPA claim against defendants Carter, Vallejo, Dunbar, Blake, Hickson and Sherman; (3) plaintiff's Equal Protection claim against defendant Dunbar; (4) plaintiff's Sixth Amendment claim against defendants McNeil, Ritter, Hickson and Carter; (5) plaintiff's deliberate indifference claims against defendants Coulthurst, Graves, Day and Palmer-Campbell; (6) plaintiff's conditions of confinement claim against defendants Dychese and Dunbar; (7) plaintiff's First Amendment retaliation claim against defendants Ramirez, Hickson, Dunbar, Carter, Blake, K. Young, Rodriguez, Le Fleur, Reid, and McNeil; and (8) plaintiff's

municipal liability claim against defendants the City of New York and Dunbar. (See generally Report, ECF No. 101).

Notably, the Report also declined to dismiss the SAC pursuant to Rule 8 of the Federal Rules of Civil Procedure.[1] (See id.). Accordingly, pursuant to Rule 72 of the Federal Rules of Civil Procedure, defendants respectfully request that Your Honor reject that portion of Magistrate Judge Parker's Report, insofar as determined that the SAC complies with Rule 8 of the Federal Rules of Civil Procedure.

### B. Standard of Review

To the extent that a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "Under the *de novo* standard, the Court [must] make an *independent determination* of th[e] controversy, *giving no deference to any previous resolution*." Baumgarten v. Cty. of Suffolk, No. 07-CV-539 (JS) (AKT), 2007 U.S. Dist. LEXIS 36481, at *5 (E.D.N.Y. May 15, 2007) (emphasis added). "The Court is not limited to consideration of evidence presented to the magistrate judge, but may review the entirety of the record." Id. at *6. "The final determination rests with the district judge." Online Benefits, Inc. v. Benefits Tech. Grp., Inc., No. 05-CV-04748 (ENV) (MLO), 2006 U.S. Dist. LEXIS 92298, at *5 (E.D.N.Y. Dec. 20, 2006). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### C. The Court Should Decline To Adopt The Report Insofar As It Concluded That The SAC Complies With Rule 8

Defendants respectfully submit that Magistrate Judge Parker erred in determining that the allegations set forth in the SAC are "clear, delineated and, for the most part, short or conclusory not requiring any discerning," and accordingly, that the SAC should not be dismissed for failing to comply with Rule 8 of the Federal Rules of Civil Procedure. (See Report, ECF No. 101, at p. 22). The Report is correct in that the length of the SAC does not alone warrant dismissal. (See id.). Indeed, defendants accept that there is no "numerical touchstone[]" under Rule 8. See Rodriguez v. Trs. of Columbia Univ. in the City of New York, No. 03 Civ. 4072 (RMB)(DF), 2004 U.S. Dist. LEXIS 8609, at *1 (S.D.N.Y. May 14, 2004). However, "judges in this District have dismissed complaints on Rule 8 grounds that did not exceed 100 pages, depending on the particular circumstances." Komatsu v. City of New York, No. 2021 U.S. Dist. LEXIS 132991, at *13 (S.D.N.Y. July 16, 2021) (citing Rodriguez, 2004 U.S. Dist. LEXIS 8609 at *1 (collecting cases)). Those circumstances often arise in connection with complaints that leave defendants "forced to select the relevant material from a mass of verbiage." See id. (citing Rodriguez v. Trs. of Columbia Univ. in the City of New York, No. 03 Civ. 4072 (TPG), 2006 U.S. Dist. LEXIS 62219, at *3 (S.D.N.Y. Aug. 30, 2006)).

---

[1] Defendants note that Magistrate Judge Parker also declined to dismiss the similarly prolix pleadings in the related cases of Anduze v. City of New York, et al., 21 Civ. 519 (PGG) (KHP) and Flores v. City of New York, et al., 21 Civ. 1680 (PGG) (KHP) for failing to comply with Rule 8. The undersigned intends to timely file objections pursuant to Rule 72 in one or both of the aforementioned related cases, on similar grounds as these.

Defendants submit that the SAC is such a complaint, and that the Report erred in determining otherwise. As described in defendants' moving papers, the SAC consists of 150 pages and 268 enumerated paragraphs, and also includes 66 exhibits, spanning over 500 pages. The SAC purports to set forth 11 causes of action and otherwise contains plaintiff's personal opinions, recitations of arguments plaintiff had with DOC officials, and details of conversations with his attorneys. The SAC also includes hundreds of unnumbered paragraphs that do not give defendants any reasonable way of responding to plaintiff's allegations. Defendants respectfully disagree with the Report's assessment that the unnumbered paragraphs in the SAC are clear and delineated, as well as the Court's suggestion that defendants can easily number those paragraphs themselves. See Laspisa v. Citifinancial, 269 F. Supp. 3d 11, 13 (N.D.N.Y. 2017) ("The purpose of Rule 10 is to provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]") (quotation omitted). In fact, that the Report seemingly questions whether the "unnumbered paragraphs require any response" underscores the unintelligible nature of their inclusion within the SAC. (See Report, ECF No. 101, at p. 22). In sum, the SAC is far from a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and dismissal pursuant to Rule 8 is appropriate.

Further, defendants respectfully submit that requiring them to file an Answer to the SAC, which sets forth hundreds of paragraphs of allegations pertaining to claims and defendants that have now been dismissed, would be unduly burdensome and a waste of the Court's and the City's resources. Indeed, to the extent the allegations in the SAC were not previously "confused, ambiguous, vague, or otherwise unintelligible," defendants submit that adopting the Report in its entirety will surely render them as such, because it will now be even more difficult to "select the relevant material from a mass of verbiage," and ascertain what allegations pertain to the claims and defendants that remain at issue in this case.[2] Moreover, even if defendants can ascertain as much, they will still have to file an Answer formally responding to each allegation set forth in the SAC—including each of the hundreds of unnumbered paragraphs—even if those allegations pertain to claims and/or defendants that have been dismissed from this action.

For the foregoing reasons, defendants respectfully request that the Court reject the Report insofar as it concluded that the SAC complies with Rule 8.

Defendants thank the Court for its time and attention to this matter.

Respectfully submitted,

*Andrew B. Spears*       /s

Andrew B. Spears
*Assistant Corporation Counsel*
Special Federal Litigation Division

---

[2] Defendants note that if the Report is adopted in its entirety, more than half of the defendants named in the SAC will have been dismissed from this case, with prejudice.

cc: **BY U.S. MAIL**
Alexander Williams, Jr.
NYSID: 01897858L
B&C No. 1411801632
George R. Vierno Center
09-09 Hazen Street
East Elmhurst, NY 11370